**SO ORDERED.**

**SIGNED this 23 day of September, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

OAK RIDGE ENTERPRISES, INC.,                              CASE NO. 08-05828-8-JRL

    DEBTOR.                                                                CHAPTER 7

IN RE:

LENNON ROLAND GORE and                                   CASE NO. 08-05827-8-JRL
MARY V. GORE,
                                                                                    CHAPTER 7
    DEBTORS.

_____

### ORDER

    This matter came before the court on the trustee's motions to compel turnover and delivery of property. A hearing was held on September 22, 2011 in Wilmington, North Carolina to consider the motions.

### BACKGROUND

    On August 28, 2008, Oak Ridge Enterprises ("corporate debtor"), through its president, Mary V. Gore, filed a petition under chapter 12 of the Bankruptcy Code. That same day, Mary and Lennon Gore ("Gores") filed for chapter 12 relief in their individual capacities. On

December 2, 2010, both cases were converted to chapter 7.

On the date of conversion, the corporate debtor maintained a bank account at Horry County State Bank ("corporate account") with a balance of $7,815.57. The trustee requested that the corporate debtor turnover the balance of the corporate account, but the trustee received only $1,650.22. Furthermore, it is undisputed that on December 7, 2010, Mary V. Gore withdrew $5,000.00 from the corporate account.

The Gores held two personal bank accounts on the date of conversion. The accounts were maintained at Horry County State Bank and Branch Banking and Trust. On the date of conversion, the accounts contained the respective amounts of $1,216.39 and $856.28, for a combined balance of $2,072.67. In addition to the balance of the personal accounts, the Gores were entitled to receive $3,000.00 on or before the conversion date. This amount was in fact, received and deposited on December 3, 2010, one day after the conversion of the Gores' case.

Based on these undisputed facts, the trustee contends that the conversion-date balances, as well as the funds received by the Gore's on December 3, 2010, constitute property of the bankruptcy estate. The trustee requests that the court enter an order requiring that: (1) the corporate debtor and its president, Mary V. Gore, turnover and deliver to the trustee the sum of $6,165.35,[1] and (2) the Gores turnover and deliver to the trustee the sum of $5,072.67.[2]

## DISCUSSION

When a petition under chapter 12 of the Bankruptcy Code is filed, an estate is created.

---

[1] The amount in the corporate account on the date of conversion ($7,815.57) less the amount the trustee has received ($1,650.22).

[2] The combined balance of the Gores' accounts ($2,072.67) plus the additional $3,000.00 that the Gores were entitled to receive on the date of conversion.

See 11 U.S.C §§ 301, 541(a).  Section 1207(a) provides that in addition to the property specified in § 541, the property of the chapter 12 estate includes all property and earnings "that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 of this title, whichever occurs first."  11 U.S.C. 1207(a).  Stated simply, property that the debtor acquires between the date of the petition and the date of the conversion becomes property of the chapter 12 estate.  Upon conversion, this property becomes part of the chapter 7 estate.  See, e.g., Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994).

Based on the undisputed facts, the court concludes that under § 1207(a), because the funds claimed by the trustee were acquired prior to conversion, they were property of the chapter 12 estate, and upon conversion, they became part of the chapter 7 estate.  Accordingly, the motions to compel turnover and delivery of property are **ALLOWED.**  The court hereby orders the Gores to remit $5,072.67 to the trustee within ten days, and court further orders the corporate debtor to remit $6,165.35 to the trustee also within ten days.  Of the $6,165.35 demanded of the corporate debtor, Mary Gore is liable, in her individual capacity, for the turnover of $5,000.00, due to her post-conversion withdrawal from the corporate account.

## END OF DOCUMENT